IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Steven Lee Reynolds, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:19-cv-03206-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Chad Gwinn, ) | |
| ) | |
| Defendant.[1] ) | |
| ) | |

Plaintiff Steven Lee Reynolds, proceeding *pro se*, brought this civil action to 42 U.S.C. § 1983. *See* (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the case for failure to prosecute. (ECF No. 10). Plaintiff was advised of his right to file objections to the Report. *Id*. at 4. Plaintiff filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

---

[1] On November 13, 2019, the court entered an order dismissing Defendant Oconee Detention Center from this action without prejudice and without issuance and service of process for Plaintiff's failure to address Oconee Detention Center as a defendant in the Complaint or to make any allegations as to the Detention Center. (ECF No. 5 at 3).

recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).

Plaintiff filed his Complaint on November 12, 2019. (ECF No. 1). On November 13, 2019, the magistrate judge issued an Order directing Plaintiff to bring the case into proper form by December 4, 2019. (ECF No. 5). Specifically, the Order required Plaintiff to (1) pay the $350.00 filing fee and $50 administrative fee or fully complete, sign, and return an Application to Proceed Without Payment of Fees and Affidavit ("Form AO-240");[2] complete a summons form; and, if returning Form AO-240, complete a Form USM-285 for each defendant. *Id*. at 1–2. The Order further warned Plaintiff that, if he failed to bring the case into proper form within the time permitted, the case may be subject to dismissal for failure to prosecute and to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). *Id*. at 1. The Order was mailed to Plaintiff on November 13, 2019. (ECF No. 6). However, to this date Plaintiff has failed to respond to the court's Order.

On December 10, 2019, the magistrate judge filed the Report recommending the action be dismissed for failure to prosecute under Rule 41(b), and a copy of it was placed in the mail to Plaintiff. (ECF Nos. 10, 11). Despite being advised of his right to file objections to the Report, (ECF No. 10 at 4), Plaintiff has filed no response to the Report and the time to do so has now run.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to

---

[2] The magistrate judge attached a copy of Form AO-240 to the Order. *See* (ECF Nos. 5 at 1–2; 6).

achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (internal quotation marks omitted). These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See id.* at 95–96.

Here, the factors weigh in favor of dismissal. As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the court's order. Plaintiff was specifically warned that his case would be subject to dismissal for failure to comply. *See* (ECF No. 15). Moreover, because the proper form Order was not returned to the Court after it was mailed, Plaintiff is presumed to have received it and to be on notice of the consequences for his failure to respond. *See Rose v. Noonan*, No. CIVA 0:05-0525-CMC-B, 2006 WL 1577387, at *1 n.1 (D.S.C. May 30, 2006) (noting that when a document is mailed to a party and is not returned, the presumption is that the party received it). The court, therefore, concludes that Plaintiff's failure to respond to the Order—which he was explicitly warned would subject his case to dismissal— indicates an intent to no longer pursue this action and dismissal is appropriate. *See* Fed. R. Civ.

3

P. 41(b); *Ballard*, 882 F.2d at 95.

Having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 10), and incorporates it herein. Accordingly, the court finds that the Complaint is subject to dismissal for Plaintiff's failure to prosecute and to comply with court orders under Federal Rule of Civil Procedure 41(b). Therefore, this case is **DISMISSED without prejudice**. The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 6, 2020


**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.